UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

BEVERLY ASKINS,
    Plaintiff,
-vs.-                                      **DEMAND FOR JURY TRIAL**


PORTFOLIO RECOVERY ASSOCIATES, LLC,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Beverly Askins through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Portfolio Recovery Associates ("PRS") which is a corporation doing business in Virginia.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Genesee County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiff for a Capital One.

7. Plaintiff last made a payment on this alleged debt in 2003.

8. On or about November 10, 2011, when Plaintiff was driving home from work on a rainy day, Defendant called Plaintiff. The representative identified himself as Mr. Michael.

9. During this conversation, Defendant told Plaintiff that this debt is from 2003.

10. Plaintiff told Defendant, "I'm driving right now, can I call you back?"

11. Mr. Michael said to Plaintiff, "If you disconnect from me right now, the deal is off." He also said, "If you get off the phone right now, the debt will be back up to $3,000."

12. During this conversation, Plaintiff asked Mr. Michael to send her something in writing to which he replied "We don't do things that way."

13. Also, during this conversation, Defendant demanded Plaintiff's bank account information to which the Plaintiff declined.

14. Plaintiff was later transferred to a supervisor.

15. During her conversation, the supervisor tried to convince Plaintiff to pay $55.00 on the alleged debt. Defendant told Plaintiff that they can take the money out of her debit card and charge a one-time fee of $9.95 for withdrawing the money from her debit card.

16. Due to Defendant's aggressive tactics, Plaintiff gave Defendant her debit account information.

17. On or about November 11, 2011, Plaintiff canceled her debit card with her bank.

18. Sometime later in November, 2011, Plaintiff contacted the Better Business Bureau ("BBB") regarding Defendant's aggressive tactics.

19. On or about December 1, 2011, Plaintiff finally received a letter from Defendant. This letter does not contain the thirty day validation notice rights as required by the FDCPA.

20. On or about December 6, 2011, the BBB received a response from Defendant regarding Plaintiff's complaint. Defendant responded to the BBB by stating, "We had mailed our initial notification to the consumer at her former address in Jasper, Michigan. Portfolio Recovery Associates has noted the consumer's concerns in regard to the account ending in 8060 and we have requested that our account verification information be mailed to the consumer at her current address."

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates the preceding allegations by reference.

22. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

23. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

24. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

25. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

26. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

27. Plaintiff incorporates the preceding allegations by reference.

28. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

29. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

30. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

31. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

32. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

33. Plaintiff incorporates the preceding allegations by reference.

34. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

35. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

36. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

4

37. Plaintiff has suffered damages as a result of these violations of the MCPA.

38. These violations of the MCPA were willful.

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

January 24, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email –gnitzkin@creditor-law.com